IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHABONDY LAMAR SIMPSON,

    Petitioner,                      No. CIV S-05-0640 JAM DAD P

    vs.

M. EVANS, Warden,

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 6, 2005, the undersigned ordered respondent to file a response to the petition. On July 29, 2005, respondent filed a timely answer, and on September 29, 2005, petitioner filed a timely traverse. This case is now submitted for decision and in due course, the court will issue its findings and recommendations.

       Pending before the court is petitioner's motion to amend his petition to add ten new claims along with his proposed amended petition. Respondent has filed a timely opposition to the motion to amend. Petitioner has not filed a reply.

/////

/////

/////

1

**PETITIONER'S ORIGINAL PETITION**

Petitioner raises six grounds for relief in his original petition:

**GROUND ONE:** Petitioner's conviction is unlawful, based upon perjured testimony triggering a miscarriage of justice within the trial court.

\* \* \*

**GROUND TWO:** The trial court abused its discretion by denying petitioner's new trial violating his 6th and 14th U.S. Const. Amend. Rights.

\* \* \*

**GROUND THREE:** Petitioner was deprived of effective assistance of counsel who failed to conduct an adequate investigation and subpoena witnesses in support of an acquittal to the false kidnap/assault allegations violating petitioner's 6th and 14th U.S. Const. Amendment Rights.

\* \* \*

**GROUND FOUR:** The prosecution committed misconduct by intentionally allowing his witness to give perjured testimony during the trial violating petitioner's 6th and 14th Const. Amend. Rights to a fair and just trial.

\* \* \*

**GROUND FIVE:** The prosecution team failed to disclose detailed statements taken by investigating police that could have cleared petitioner of kidnapping charges violating the Due Process Clause of the 14th Amendment of the United States Constitution.

\* \* \*

**GROUND SIX:** Petitioner was denied effective assistance of counsel on his direct appeal in violation of the due process clause and petitioner's Sixth Amendment rights.

(Pet. at 25-74.)

As noted above, respondent has filed a timely answer to the petition and petitioner has filed a traverse.

/////

/////

2

## PETITIONER'S MOTION TO AMEND

In his motion to amend, petitioner requests leave to add the following ten claims:

**GROUND SEVEN:** The trial court's admission of irrelevant evidence denied petitioner his right to a fair trial and violated his rights under the Sixth and Fourteenth Amendments.

* * *

**GROUND EIGHT:** Petitioner's rights to due process under the Fourteenth Amendment were violated by the trial court's failure to properly instruct the jury and providing erroneous instructions violating Fifth, Sixth and Fourteenth Amendments.

* * *

**GROUND NINE:** Petitioner's right against self incrimination under the Fifth and Fourteenth Amendment of the Constitution were violated.

* * *

**GROUND TEN:** The court violated petitioner's due process and equal protection rights under the Fourteenth Amendment by permitting prejudicial testimony about other crimes.

* * *

**GROUND ELEVEN:** Petitioner's rights to a fair trial and due process under the Sixth and Fourteenth Amendments were violated by court's denial of petitioner's motion to continue the trial date to secure a witness.

* * *

**GROUND TWELVE:** There was insufficient evidence to prove beyond a reasonable doubt that petitioner was guilty of aggravated assault with force likely to produce great bodily injury in violation of the Fourteenth Amendment's Due Process Clause.

* * *

**GROUND THIRTEEN:** Petitioner's sentence constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

* * *

/////

/////

**GROUND FOURTEEN:** Petitioner's rights to due process under Fourteenth Amendment were violated by court's defining the concept of reasonable doubt.

\* \* \*

**GROUND FIFTEEN:** Petitioner was deprived of his right to a fair trial in violation of the Fourteenth Amendment because the combination of the jury instructions given deprived him of his right to be acquitted unless the jury was convinced of his guilt beyond a reasonable doubt.

\* \* \*

**GROUND SIXTEEN:** Petitioner received ineffective assistance of counsel and was thus denied a fair trial because counsel failed to request important instruction.

(Pet'r's Mot. to Am. at 3-6 & Am. Pet. at 6b-6e.)

In his motion to amend, petitioner argues that he exhausted the proposed new claims which he seeks to add in his amended petition on direct appeal, but did not include them in his original petition filed in this court because of his lack of legal sophistication, limited education, and indigent status and inability to afford counsel.  In addition, petitioner argues that his appellate counsel failed to deliver all transcripts, briefs, and records to him at the time he filed his original federal petition.  Petitioner also argues that the court should grant him leave to amend because the state would not be prejudiced by any inability to respond.  Finally, petitioner argues that any procedural default should be excused because "constitutional violations probably resulted in the conviction of an innocent person," and granting him leave to amend would allow him to avoid filing a second or successive petition. (Pet'r's Mot. to Am. at 1-2.)

## RESPONDENT'S OPPOSITION

Respondent has filed an opposition to petitioner's motion to amend, arguing that the new claims set forth in petitioner's amended petition are untimely and fail to relate back to the claims in his original petition. (Resp't's Opp'n to Pet'r's Mot. to Am. at 1.)

By way of background, on March 21, 2001, petitioner was convicted of kidnapping and assault and sentenced to an aggregate term of 17 years and 8 months in state

4

1  prison.  Petitioner appealed his conviction and, on November 19, 2002, the California Court of
2  Appeal affirmed the trial court's judgment of conviction.  Petitioner then filed a petition for
3  review, and on January 22, 2003, the California Supreme Court denied the petition.  Petitioner
4  filed three up-the-ladder petitions for writ of habeas corpus in state court, all of which were
5  denied.  Petitioner filed his original federal petition on April 1, 2005.  Respondent filed a timely
6  answer, and petitioner filed a traverse.  (Resp't's Answer at 1-2, Exs. A-F & Resp't's Opp'n to
7  Pet'r's Mot. to Am. at 1-2.)

8           On September 11, 2007, nearly two years after filing his traverse in this action,
9  petitioner commenced a second round of state habeas review by filing a petition for writ of
10 habeas corpus in the Sacramento County Superior Court.  On September 28, 2007, the Superior
11 Court denied the petition.  (Resp't's Opp'n to Pet'r's Mot. to Am., Ex. G.)  On November 26,
12 2007, petitioner filed a second petition for writ of habeas corpus in the Sacramento County
13 Superior Court.  On January 7, 2008, the Superior Court denied that petition.  (Id., Ex. H.)  On
14 March 25, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of
15 Appeal which was denied on March 27, 2008.  (Id., Ex. J.)  On February 8, 2008, petitioner filed
16 a petition for writ of habeas corpus in the California Supreme Court.  On June 27, 2008,
17 petitioner filed a second petition for writ of habeas corpus in the California Supreme Court.  On
18 July 16, 2008, the California Supreme Court denied both petitions.  (Id., Exs. K & L.)  (Resp't's
19 Opp'n to Pet'r's Mot. to Am. at 2-3.)

20          Respondent argues that the ten new claims proposed in petitioner's amended
21 petition are untimely.  In this regard, respondent argues that petitioner's conviction became final
22 on April 22, 2003, ninety days after the California Supreme Court denied his petition for review.
23 Absent any tolling, respondent argues that petitioner had until April 22, 2004 to file a timely
24 federal habeas petition.  (Resp't's Opp'n to Pet'r's Mot. to Am. at 3-4.)  In respondent's view,
25 the one-year statute of limitations under the AEDPA was tolled for thirteen months from August
26 22, 2003, when petitioner filed his first state habeas petition in Superior Court to September 22,

5

2004, when the California Supreme Court denied his habeas petition. Thus, petitioner had until May 22, 2005 to file a federal habeas petition. Because petitioner filed his original petition on April 1, 2005, the claims therein are timely. However, respondent argues that the statute of limitations ran more than three additional years on any other claims before petitioner filed his proposed amended petition. In fact, according to respondent, the statute of limitations expired more than two years before petitioner first sought to exhaust any of the new claims proposed in his amended petition. Accordingly, respondent contends that the claims in petitioner's amended petition are untimely, unless they relate back to the claims in petitioner's original federal petition. (Resp't's Answer, Exs. D, F & Resp't's Opp'n to Pet'r's Mot. to Am. at 3-4.)

In this latter regard, respondent argues that although some of the claims in petitioner's amended petition are of the same general type of claim as those in petitioner's original petition, they do not involve the same core operative facts. For example, respondent contends, both petitions contain claims of prosecutorial misconduct. However, respondent points out that the claim in the original petition is based on a violation of Brady v. Maryland, 373 U.S. 83 (1963) and suborning perjury, while the new claim in the amended petition is based on the prosecutor's closing argument. Respondent notes that both petitions contain claims of ineffective assistance of counsel. However, respondent argues, the claim in the original petition is based on defense counsel's alleged failure to present exculpatory evidence, while the new claim in the amended petition is based on counsel's alleged failure to request certain jury instructions. Finally, respondent asserts, while both petitions contain claims regarding admission of evidence, the claim in the original petition concerns alleged false testimony elicited by the prosecutor, while the new claim in the amended petition alleges trial court error in allowing testimony regarding uncharged offenses. (Resp't's Opp'n to Pet'r's Mot. to Am. at 6-7.)

Respondent maintains that none of the ten new claims in petitioner's amended petition are based on the same core of operative facts that form the basis of the six claims in the

/////

original petition. Accordingly, respondent concludes that none of the new claims can properly relate back to the original petition. (Resp't's Opp'n to Pet'r's Mot. to Am. at 7.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies in this case. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(A) & (d)(2)</u>

The California Supreme Court denied petitioner's petition for review on January 22, 2003. Accordingly, for purposes of federal habeas review, petitioner's conviction became

final ninety days later on April 22, 2003, and the AEDPA one-year statute of limitation period began to run the following day, on April 23, 2003 and ran until it expired on April 22, 2004.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

It is undisputed that petitioner is entitled to statutory tolling from August 22, 2003, when he filed his first state habeas petition in Superior Court, to September 22, 2004, when the California Supreme Court denied his state habeas petition filed with that court. Thus, petitioner had until May 22, 2005 to file a federal habeas petition. Because petitioner filed his original petition on April 1, 2005, that petition, and the claims therein, are timely.

However, petitioner did not file his amended petition until July 28, 2008, more than three years after the statute of limitations had expired. In this regard, even if petitioner had exhausted his claims on direct appeal in 2003, his amended petition is still time-barred. Moreover, even if petitioner were entitled to additional statutory tolling with respect to his second round of state habeas review from September 11, 2007 to July 16, 2008, petitioner's amended petition is still untimely. As respondent accurately observes, petitioner did not commence his second round of habeas review in state court until more than two years after the statute of limitations for the filing of a federal petition had expired. Accordingly, the claims in
/////

petitioner's amended petition are untimely, unless they relate back to the claims in petitioner's original federal petition.

III.  Relation Back of New Claims

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings to the extent that the practice in the proceedings is not governed by federal statute, the Rules Governing Section 2254 Cases, and the Rules Governing Section 2255 Cases).

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. Mayle v. Felix, 545 U.S. 644, 655 (2005). Under Rule 15(c), a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Id.

In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Mayle, 545 U.S. at 655. The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground. Id. Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659. Applying

these principles, the Court in Mayle held that the petitioner's new claim did not relate back to his original claim because the new claim arose from the petitioner's own pretrial interrogation and was different in time and place from his original claim, which arose from the pretrial police interrogation of a witness. Id. at 660-64. See also Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after the close of evidence are two discrete occurrences that do not share a common core of operative fact).

In this case, none of the new claims proposed in petitioner's amended petition relate back to the claims in his original petition. For example, although petitioner's ineffective assistance of counsel claims in his amended petition and original petition rely on the same legal theory, they do not arise from the same "core of operative facts." Mayle, 545 U.S. at 664. In Ground Sixteen of petitioner's amended petition, he claims that his counsel was ineffective for failing to request a specific jury instruction during trial. In contrast, in Ground Three of his original petition, petitioner claims that his counsel was ineffective because he did not adequately investigate and subpoena certain witnesses to testify in support of petitioner's version of events. In this regard, petitioner's amended claim does not arise from the same "conduct, transaction, or occurrence" as petitioner's original claim. Id. at 656. See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.").

Similarly, petitioner's prosecutorial misconduct claims in his amended petition and original petition rely on the same legal theory, but they do not arise from the same "core of operative facts." Mayle, 545 U.S. at 664. In Ground Nine of petitioner's amended petition, petitioner claims that the prosecutor improperly drew attention to his decision not to testify and improperly shifted the burden of proof beyond a reasonable doubt to petitioner. In contrast, in

Grounds Four and Five of his original petition, petitioner claimed that the prosecutor allowed the victim to give perjured testimony and that the "entire prosecution team," including an investigating officer, failed to disclose the victim's alleged exculpatory statements that could have cleared petitioner of the charges. Again, the new claims in petitioner's amended petition relate to events separate in both "time and type" from his original claims. Id. at 657.

Finally, petitioner's remaining claims in his amended petition and original petition do not arise from the same "core of operative facts." Mayle, 545 U.S. at 664. In Grounds Seven and Ten of petitioner's amended petition, he claims that the trial court erred in admitting evidence concerning battered women's syndrome and his own prior acts of domestic violence. In Grounds Eight, Fourteen, and Fifteen of his amended petition, petitioner claims that the trial court erred in providing the jury with certain instructions. Finally, in Grounds Eleven, Twelve, and Thirteen of his amended petition, petitioner claims that the trial court erred in denying his motion to continue the trial date so he could secure another witness, there was insufficient evidence to convict him of aggravated assault, and his sentence constitutes cruel and unusual punishment. However, nowhere in his original petition, either in connection with Grounds One, Two, and Six or in connection with any of the aforementioned original claims, does petitioner allege the essential factual predicate for these new claims. It is not enough that petitioner's new claims relate to the same "trial, conviction, or sentence." Id. at 656. See also Jackson v. Roe, 425 F.3d 654, 660 n.8 (9th Cir. 2005) ("In Mayle, the Court held that our former understanding of the relation-back standard under Federal Rule of Civil Procedure 15(c), which allowed an amendment to a habeas petition to 'relate back' to the date of the original petition 'so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence,' was too broad"). Where these remaining new claims are concerned, there are simply no facts "uniting the original and newly asserted claims." Id. at 659. See also Jones v. Woodford, No. CIV 03-1463 J (RBB), 2008 WL 505230 *42 (S.D. Cal. Feb. 25, 2008) (new claims that involve different errors and

/////

different times from those previously alleged do not relate back to the filing of the earlier federal petition).

In sum, petitioner's amended petition is untimely, and the new claims presented therein do not relate back to his original petition. Accordingly, petitioner's motion to amend should be denied.[1]

## CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that petitioner's July 28, 2008 motion to amend (Doc. No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
simp0640.mta

---

[1] In due course the undersigned will issue findings and recommendations addressing the merits of petitioner's original petition.