IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHABONDY LAMAR SIMPSON,

    Petitioner,                    No. CIV S-05-640 JAM DAD P

    vs.

M. EVANS, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before this court is petitioner's motion to amend his petition to include additional claims.

        The court provides the following procedural history as background to these findings and recommendations.  On October 30, 2000, after a jury trial in the Sacramento County Superior Court, petitioner was convicted on charges of kidnapping and assault.  (Clerk's Transcript on Appeal (CT) at 182-86.)  On March 21, 2001, petitioner was sentenced to an aggregate term of 17 years and 8 months in state prison.  (Reporter's Transcript on Appeal (RT) at 1127-28.)  Petitioner appealed his conviction and, on November 19, 2002, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction.  Petitioner then

filed a petition for review, and on January 22, 2003, the California Supreme Court denied the petition. Petitioner filed three up-the-ladder petitions for writ of habeas corpus in state court, all of which were denied. (Resp't's Answer at 1-2 & Exs. A-F.)

Petitioner filed his federal habeas petition on April 1, 2005. Therein, he raised the following six grounds for relief: (1) his right to due process was violated by the introduction of perjured testimony at his trial; (2) his Sixth and Fourteenth Amendment rights were violated by the trial court's denial of his motion for new trial; (3) he received ineffective assistance of trial and appellate counsel; (4) the prosecutor committed misconduct by allowing one of the prosecution witnesses to give perjured testimony; (5) the prosecutor failed to disclose exculpatory evidence to the defense; and (6) the trial court violated his right to due process when it responded improperly to a question from the jury. Respondent filed an answer on July 29, 2005, and petitioner filed a traverse on September 29, 2005. (Dkt. Nos. 17, 21.)

On September 11, 2007, nearly two years after filing his traverse in this action, petitioner commenced a second round of state habeas review by filing a petition for writ of habeas corpus in the Sacramento County Superior Court. On September 28, 2007, the Superior Court denied that petition. (Resp't's August 14, 2008 Opp'n to Pet'r's Mot. to Am., Ex. G.) On November 26, 2007, petitioner filed a second petition for writ of habeas corpus in the Sacramento County Superior Court. On January 7, 2008, the Superior Court denied that petition. (Id., Ex. H.) On December 17, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, in which he requested resentencing after the issuance of the decision in Cunningham v. California, 549 U.S. 270 (2007). (Id. Ex. I; Dkt. No. 46 at 3.)[1] That petition was denied on December 20, 2007. (Id.) On March 25, 2008, petitioner filed another petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, which was denied on March 27, 2008. (Resp't's August 14, 2008

---

[1] This court will refer to page numbers of the parties' pleadings filed in this action by using the automated numbers assigned by the court's electronic filing system.

1  Opp'n to Pet'r's Mot. to Am, Ex. J.)  On February 8, 2008, petitioner filed a petition for writ of
2  habeas corpus in the California Supreme Court.  On June 27, 2008, petitioner filed a second
3  petition for writ of habeas corpus in the California Supreme Court.  On July 16, 2008, the
4  California Supreme Court denied both petitions.  (Id., Exs. K & L.)
5           On July 28, 2008, petitioner filed a motion to amend the instant petition, together
6  with an amended petition seeking to add the following additional grounds for relief to his
7  pending application for federal habeas relief: (1) the trial court's admission of irrelevant evidence
8  denied petitioner his right to a fair trial and violated his rights under the Sixth and Fourteenth
9  Amendments; (2) petitioner's right to due process under the Fourteenth Amendment was violated
10 by jury instruction error; (3) petitioner's right against self incrimination was violated by the trial
11 court; (4) the trial court violated petitioner's due process and equal protection rights by
12 permitting prejudicial trial testimony about other crimes; (5) petitioner's rights to a fair trial and
13 due process under the Sixth and Fourteenth Amendments were violated by the trial court's denial
14 of petitioner's motion to continue the trial date to secure a witness; (6) there was insufficient
15 evidence to prove beyond a reasonable doubt that petitioner was guilty of aggravated assault with
16 force likely to produce great bodily injury; (7) petitioner's sentence constitutes cruel and unusual
17 punishment, in violation of the Eighth and Fourteenth Amendments; (8) petitioner's right to due
18 process was violated by the trial court's reasonable doubt instruction; (9) petitioner was deprived
19 of his right to a fair trial in violation of the Fourteenth Amendment because the combined effect
20 of the jury instructions given at his trial deprived him of his right to be acquitted unless the jury
21 was convinced of his guilt beyond a reasonable doubt; and (10) petitioner received ineffective
22 assistance of counsel.  (Dkt. Nos. 26, 27.)  Notably, petitioner did not seek to raise a claim based
23 on alleged Cunningham error before this court at that time.
24           On February 13, 2009, the undersigned recommended that petitioner's motion to
25 amend be denied.  (Dkt. No. 29.)  The district court adopted this recommendation on March 18,
26 2009.  (Dkt. No. 31.)  On May 1, 2009, the undersigned recommended that petitioner's habeas

3

1  petition be denied. (Dkt. No. 32.) The district court adopted that recommendation on July 22,
2  2009, denied the application for a writ of habeas corpus and entered judgment. (Dkt. Nos. 36,
3  37.) Petitioner filed a notice of appeal on August 5, 2009. (Dkt. No. 39.) Pursuant to order of
4  the Ninth Circuit Court of Appeals, petitioner obtained counsel on appeal on January 6, 2010.
5  (Dkt. No. 43.)

6  On November 18, 2008, between the time of the filing of his motion to amend and
7  this court's ruling thereon, petitioner filed a separate petition for writ of habeas corpus in this
8  court which was assigned Case No. CIV S-08-2764 FCD KJM P. Therein, petitioner alleged that
9  the state trial court committed Cunningham error in sentencing him to the upper term of
10 imprisonment for kidnapping and consecutive terms based on facts not proven beyond a
11 reasonable doubt. This court's form habeas application inquired of petitioner whether there was
12 "any petition or appeal now pending in any court, either state or federal, as to the judgment under
13 attack." Petitioner checked the box by the word "no." (Dkt. No. 46, at 5.) On September 28,
14 2009, the United States Magistrate Judge considering petitioner's 2008 petition recommended
15 that the Clerk of Court be directed to remove the petition filed in that case and refile it in the
16 instant case. See Woods v. Carey, 525 F.3d 886, 887 (9th Cir. 2008) (when a pro se petitioner
17 files multiple petitions, a subsequent petition filed when an earlier petition is still pending should
18 be liberally construed and treated as a motion to amend the earlier petition and not as a second or
19 successive petition). The assigned district judge adopted that recommendation on January 15,
20 2010, and the habeas petition in Case No. CIV S-08-2764 FCD KJM P was refiled in this case.
21 (Dkt. Nos. 45, 46.)

22 Pursuant to Woods, this court will address petitioner's newly filed petition,
23 construed as a motion to amend the instant petition to add the claims contained therein. Under
24 Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a
25 matter of course before a responsive pleading is served and may seek leave of court to amend his
26 pleading at any time during the proceeding. Mayle v. Felix, 545 U.S. 644, 654 (2005). Although

1   leave of court should be given freely, a court may deny a motion to amend if the motion is made
2   in bad faith, there would be prejudice to the opposing party, the amendment would be futile or
3   would delay the action, or if the party acted in a dilatory fashion in seeking to amend. Foman v.
4   Davis, 371 U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying
5   these factors in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same).
6   Prejudice to the opposing party is the most important factor. Jackson v. Bank of Haw., 902 F.2d
7   1385, 1387 (9th Cir. 1990).

8   Bad faith may be shown when a party seeks to amend late in the litigation process
9   with claims which were or should have been apparent early. Bonin, 59 F.3d at 846. These facts
10  might also support a finding that the party acted in a dilatory fashion when seeking to amend.
11  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999). A motion to amend a
12  pleading is addressed to the sound discretion of the court and must be decided upon the facts and
13  circumstances of each particular case. Sackett v. Beaman, 399 F.2d 884, 889 (9th Cir. 1968).

14  In this habeas action, respondent filed his answer more than a year before
15  petitioner filed the habeas petition in case No. CIV 08-1764 FCD KJM P, thereby seeking leave
16  to amend under Wood. This action has been resolved on the merits and is currently pending on
17  appeal to the Ninth Circuit. Requiring a response to a proposed new claim at this late date would
18  result in prejudice to respondent. Further, it is apparent that petitioner was aware of a possible
19  Cunningham claim as early as December 17, 2007, when he filed his petition for writ of habeas
20  corpus in the California Court of Appeal presenting that issue. However, instead of attempting to
21  raise a Cunningham claim in this action, even in his motion to amend filed with this court on July
22  28, 2008 which sought to add ten additional claims, petitioner waited almost a year before raising
23  the Cunningham claim in a separate action filed with this court. Petitioner's decision to file his
24  Cunningham claim in a new case, wherein he inaccurately informed the court that he had no
25  pending cases challenging the same conviction, has resulted in significant delay in resolving
26  petitioner's attempt to pursue a new challenge to his conviction. Amendment of the instant

1 petition at this late date would result in prejudice to respondent and is the result of dilatory action
2 on the part of petitioner.
3       Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of
4 habeas corpus, construed as a motion to amend the petition (Dkt. No. 46), be denied and this case
5 be closed.
6       These findings and recommendations will be submitted to the United States
7 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
8 twenty-one days after being served with these findings and recommendations, any party may file
9 written objections with the court.  The document should be captioned "Objections to Findings
10 and Recommendations."  Any reply to the objections shall be served and filed within fourteen
11 days after service of the objections.  Failure to file objections within the specified time may
12 waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
13 Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may
14 address whether a certificate of appealability should issue in the event he files an appeal of the
15 judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district
16 court must issue or deny a certificate of appealability when it enters a final order adverse to the
17 applicant).
18 DATED: July 31, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
simpson640.amd